Case No. 23-7096 Ms. Wolfe. Good morning, Your Honors. The issue and the error in this case is that the district court judge relied exclusively on the factor, the 3553 factor, of the nature of the offense. And did not consider, discuss, evaluate the history and characteristics of the defendant and several other of the 3553 factors. The court's language in the Caveira case, I submit, is particularly apt. And that is whether the inquiries, whether the, this court's inquiries, whether the factor the judge relied on can bear the weight that was assigned to it. And taking into account the language of 3553, the purpose of 3582, and the purpose of the compassionate relief legislation, this one factor, a given factor that doesn't change, cannot bear the weight that was assigned to it. It was an abuse of discretion and... By being able to bear the weight, I mean, it is a pretty horrifying crime, right? He murders an informant while on bail after he pleaded guilty with a baseball bat. Absolutely. So, if the district court, I mean, haven't we said, in Keat in particular, that, you know, you don't have to do extraordinary compelling reasons, you can do 3553A, and you don't even have to discuss all the factors individually, right? The court has said that, and I would posit that in order to adequately address, analyze the 3553 factors, that the district court has to look at all of the 3582 factors, not decide whether they're extraordinary and compelling, but to look at them. To actually do the balancing. Do the balancing, yes, ultimately. So, I mean, I guess that's probably right. It seems like if the district court just ignores some countervailing factor that might make a difference, maybe that's an error. But we've said, we assume the district court has taken into account all of the arguments and evidence before it, unless the record compellingly suggests otherwise, right? Correct. And so here, the record, the district court says the seriousness of the crime doesn't overcome the need for medical care and relatively little else has changed since the other motions for compassionate release. So the other things that you say have changed is your client had a clean disciplinary record, took some additional courses, has some health problems, right? Those are the additional things that the district court didn't specifically address? Well, first of all, I don't think the issue is whether there are changed circumstances necessarily between the first application and the application in front of Judge Woods. Why can't the district court incorporate by reference an earlier determination? He does. Okay, so then fine. So whatever was considered earlier on is incorporated by reference, and he incorporates the need for medical care, and he says relatively little has changed. And so I guess my question is if he says relatively little has changed, is it obvious he's overlooking something? Or could these further developments be encompassed within relatively little, within that phrase? The evidence of the change wasn't before Judge Keenan. Judge Woods had over 100 pages of medical records and proof of rehabilitation that Mr. Pimilti, that my client. But if I'm not going to conclude that the district court has overlooked something unless the record compellingly suggests he overlooked it, and he says relatively little has changed, why couldn't I conclude that the district court just thought some additional health problems, taking additional courses in prison, is not that significant that it changes the balance from the earlier time? There's no indication that he looked at, and again, Mr. Pimilti is pro se right now. But when we say the record has to compellingly suggest otherwise, it means that you have to point to something in the record to show us the district court was ignoring something, right? I mean, what it sounds to me like what you're arguing is that there was an inappropriate consideration of the seriousness of Mr. Pimilti's offense. But we do know that the district court explicitly said that evaluated the factors that listed the need for deterrence, the need to protect the public, in addition to the crime seriousness, and then it explicitly considered the current medical condition. So why is that not enough? First, this court has also said not that the district court must state or confirm, but it must demonstrate that it considered all of the factors. Right, but so he used words like factors, and he talked about the seriousness, he talked about the need for deterrence to protect the public. Those, I would submit, are all offense-related factors, and I think they can be grouped. And then he went through the medical needs. So what was missing? He mentioned the medical needs. Maybe I can ask the question this way. How do we distinguish between a quibble with the weighing and someone committing error by not considering? I submit in two ways. One, were there any specifics to demonstrate that the court had considered the actual medical conditions of the defendant and the actual things that the defendant did which demonstrate rehabilitation? You don't find those in this decision. And what jumps off the page is the extent to which the court was offended by the crime. So again, that sounds to me like you're taking your objection has to do with the weighing and the consideration of the seriousness. But that's not something that we are in a position to do given the standard of review, right? Well, the court is in a position to decide whether, on the record, you can conclude that there was an accurate, there was an adequate consideration of all of the factors. Well, didn't it say that it considered Pimentel's applications and its supporting materials? I mean, isn't that at A154?  He said that. And he didn't in any way demonstrate the level of consideration or appreciation of those materials. But that's a weighing. The appreciation is a weighing objection, right? So then you are quibbling, it sounds like, with how he weighed it. Well, I think when you read this decision that he didn't give them any consideration. Okay. I mean, you cite the Green case, right? And so in that case, the defendant had defended some prison guards at some risk to himself during a prison riot, right? That was a pretty big deal. And so if I had a case where the district court said, well, the original crime is so serious and nothing really has changed from before, I'd say, well, that's weird. Like something really big happened and it's sort of surprising that you wouldn't call it out specifically. And so I think the record kind of suggests you might have overlooked something. Not that it necessarily outweighed the offense, but you overlooked something. But here, is the subsequent developments of the health issues and the courses in prison really so significant that we would have expected it to be called out specifically? Why isn't the district court allowed to say, I've looked at everything, I just don't see anything that outweighs the seriousness of the offense? Over 30 years in prison, 71-year-old man. How does that figure into an assessment of whether the community needs to be protected from him? That's huge. That wasn't a consideration. Judges have, all people have, different sensibilities, different tolerance levels, different levels of outrage and capacities for forgiveness. And in order to, like the guidelines did, they narrowed in the focus of the judges when they sentenced. The 3553 factors and the 3582 factors are a way of doing that and focusing the courts on specific factors and taking their focus away from their own human reactions to the circumstances. Okay, I understand that. It was your time for rebuttal, so we'll hear from you again. But let's turn to the government. Ms. Lasky. May it please the court. I'm Kaylin Lasky. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on appeal, and I represented the government in the defendant's original compassionate release motion in the district court. The district court did not commit manifest error or error at all in denying the defendant's compassionate release motion in this case. The defendant committed a brutal murder of a confidential informant. The trial judge, Judge Keenan, called the crime among the most serious and reprehensible the court has ever encountered. In denying the defendant's motion, Judge Woods, who inherited the case from Judge Keenan, weighed the section 3553A factors just as Judge Keenan did in denying the defendant's two- Did he weigh it? I mean, I guess that's the question, right? Yes. So opposing counsel just told us he just looked at the seriousness of the original offense and didn't pay any attention to anything that had happened since then. Is that accurate? No, it's not accurate. So the judge, Woods, said in multiple places that he had considered the various factors. He talked about the- he essentially incorporated Judge Keenan's prior what he called sound reasoning, and he listed out those factors as Judge Keenan had done in that prior- I mean, he incorporated the prior reasoning, but there were some arguments that hadn't been made on the prior motions, like some additional medical problems and some additional rehabilitation and an argument about sentencing disparities. Since he just incorporated the prior motions, should we conclude that he didn't take those arguments into account? I believe that the court should conclude that he did take them into account. He talked about how circumstances had changed relatively little and talked about having considered the application as well as the supporting materials. I think absent anything else in the record showing that he did not consider them, then this court should conclude that he did. If it were something as big, I was suggesting, you know, there's some things that you might think are significant, like the green example where, you know, the defendant defended prison guards during a riot, and maybe that's some big deal that you'd expect to be addressed specifically. So does it matter that these additional arguments just aren't so significant you'd expect them to be called out specifically on the record and would be covered by the district court just saying, I don't see anything that outweighs the original defense? I think that's a fair conclusion. They're pretty garden variety kind of items that are described. But I think in this case, based on how Judge Woods did describe them in his opinion or what he said, I do believe it's fair to conclude that he had considered them. Okay, so I understand you saying that there was enough here, but certainly you can imagine a situation in which an analysis of under 353A would be so bare bones that it constituted an abuse of discretion. What would that look like? So your honor is correct that I do believe what we have here is sufficient. So tell me abstractly. So I mean, I think the difference here is that we have two prior opinions in which Judge Keenan went through in pretty substantial detail what he believed, how the weighing applied. Okay, so tell me what would not meet a standard. I think if it were clear that there was no sort of factual description, then in terms of how things matched up with the actual 3553A factors, then sure, maybe. But again, that is not the case here, and I don't think that's something that the court is being asked to rule on. I mean, you just agreed with me that there are some things that might have been subsequent developments that are so significant you would expect them to be addressed. And so that would be the record. The standard we have is we assume district courts take into account all the arguments before them unless the record compellingly suggests otherwise. And so the standard would be there has to be something in the record that is so compelling that we believe he didn't address something or overlooked something. Yeah, I think that's a fair conclusion, your honor. Okay, thank you, Ms. Lasky. We'll turn back to Ms. Wolfe on rebuttal. In response to the idea that we're dealing with garden variety things, permit me to just list a few of the characteristics of the defendant and his qualities. All of the systems of his body were essentially failing. His ears, his eyes, his bones, his thyroid, his prostate, his balance, and he had an abnormal blood chemistry that wasn't in his prison records. His rehabilitation, he didn't just take programs. He was an individual who, I guess it was on suicide watch. So he would counsel other inmates who were distraught. He became a pastor in the prison community. I submit those things are not just garden variety things. And also, I asked the court to look at Judge Keenan's prior decisions. And they also don't have the kind of analysis that I think is sufficient for this court to review. And therefore, that's the reason why the court should remand it to the district court for a fulsome decision that demonstrates he considered all of the factors, especially characteristics of the defendant. Thank you. Okay, thank you very much, Ms. Wolfe. The case is submitted.